| | |
|---|---|
| Martha S. Strong, ) | Civil Action No. 0:09-cv-2101-RMG-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff filed this action seeking judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. As detailed herein, after a *de novo* review of the Record and Defendant's objections, this Court adopts the Report and Recommendation of the Magistrate and remands this matter to the ALJ for further administrative proceedings consistent with this Order.

## Background

The Magistrate issued a Report and Recommendation recommending that the matter be remanded for further proceedings to address certain findings of the treating and examining physicians. (Dkt. No. 19). Defendant objected arguing that to do so would result in an improper reweighing of the evidence presented at the administrative level. (Dkt. No. 20). Plaintiff has not objected to the Magistrate's Report and Recommendation.

1

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b) (1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the

[Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

## Law/Analysis

This Court has reviewed the Record *de novo*, including Defendant's objections. While Defendant, in large part, relies on prior briefing and arguments therein presented to and addressed by the Magistrate, this Court has explained below why remand is warranted.

### I. Weight given to the treating and examining physicians.

Dr. Stone, Plaintiff's treating physician, stated he was treating her for rheumatoid arthritis, fibromyalgia, hyperlipidemia, and depression. Dr. Stone indicated that Plaintiff attempted to work but was unable to do so due to her overall condition. Dr. Stone opined that Plaintiff could not sit for longer than an hour at a time due to her back pain, that she could not walk more than thirty minutes at a time due to pain in her knees and back, and that she could not squat, bend, or stoop, or lift more than ten pounds. Dr. Stone indicated that Plaintiff was compliant with her medications. Dr. Stone concluded that Plaintiff was permanently and totally disabled. (Tr. 230).

In his treatment of Plaintiff, Dr. Stone opined that Plaintiff was depressed with poor concentration and memory and would have moderate work-related functional

3

limitations due to her mental condition. (Tr. 240). Dr. Stone also opined in a Fibromyalgia Medical Evaluation Form that Plaintiff met the "American Rheumatological criteria for fibromyalgia." (Tr. 351). Plaintiff's symptoms included: multiple tender points, non-restorative sleep, chronic fatigue, morning stiffness, subjective swelling, irritable bowel syndrome, depression, incoordination, numbness and tingling, anxiety, panic attacks, frequent severe headaches, chronic fatigue syndrome, and multiple trigger points. (Tr. 352). Dr. Stone indicated Plaintiff had pain daily and that her pain level was seven to eight out of ten. (Tr. 353). Dr. Stone noted that these symptoms and the pain would constantly interfere with attention and concentration and that she was severely limited in her ability to deal with work stress. (Tr. 354).

Despite the above, the ALJ found that Dr. Stone's disability statements were entitled to "little weight as they are not supported by the treatment records of record." (Tr. 14). The ALJ relied on several findings from Plaintiff's consultative examination with Dr. Tolulola Adeola. Specifically, the ALJ pointed out that Dr. Adeola indicated that Plaintiff worked for a month after she was diagnosed with fibromyalgia. Dr. Adeola also indicated that Plaintiff's gait was normal, she was able to perform heel and toe walking, there was no tenderness or swelling of the metacarpophalangeal or interphalangeal joints, dexterous movement of both hands was normal, and lumbar flexion was fifteen degrees. (Tr. 15). Dr. Adeola also concluded that Plaintiff was not capable of maintaining gainful employment at that time, but that with "maximization of therapy" Plaintiff may be able to return to sedentary work. (Tr. 248). The ALJ also gave *this* portion of Dr. Adeola's opinion little weight.

The Record reveals evidence that does not support the ALJ's decision that the ALJ failed to address. Moreover, the conclusory discounting of the above doctor's opinions would seem to indicate that the Record might have been cherry-picked without proper consideration of all of the evidence. The ALJ failed to address treatment notes of Dr. Stone supporting his opinion that Plaintiff was unable to work and suffered from numerous functional limitations and restrictions. Among other things, the ALJ mentioned one treatment record from Dr. Stone dated November 21, 2006 that stated "[s]he seems to be doing pretty good with no major problems." (Tr. 242). But the Record contains later treatment notes from Dr. Stone shows statements that Plaintiff was suffering from significant pain in her back and joints. In March 2007, Plaintiff reported that she was not doing well and was still having a lot of pain in her joints. Dr. Stone observed that her "joints are very, very stiff and sore" and noted that Platinff "ha[d] trouble getting on and off the table." (Tr. 325). Then again, in October 2007, Dr. Stone indicated that Plaintiff had low back pain and found that she was "very tender in the lumbosacral area with plus/minus straight leg raises." (Tr. 316-17). An October 2007 x-ray indicated that "L5 is transitional in nature and has a right sided pseudoarthrosis at the sacrum and [m]oderately severe arthritic changes involve the right sided pseudoarthrosis." (Tr. 335). A CT scan of Plaintiff's lumbar spine from November 2007 revealed mild to moderate degenerative changes in the sacroiliac joint with extensive degenerative changes in one area. (Tr. 302). The ALJ failed to address these treatment notes.

Based on this Court's review of the Record, these notes and records undermine the ALJ's finding that Dr. Stone's opinions were not supported by her treatment records

and the ALJ's finding that Plaintff could perform light (as opposed to sedentary) work. It would seem that the ALJ's failure to address the portions of Dr. Stone's treatment notes supports Plaintiff's alleged inability to work and the limitations suggested by Dr. Stone prevent this Court from determining that the ALJ's decision to reject a treating physician's opinion and find that Plaintiff was capable of light work is supported by substantial evidence and consistent with controlling law. Accordingly, this Court finds it necessary to remand this matter for further explanation and review of Dr. Stone's opinion. The ALJ also gave little weight to the portion of the opinion of Dr. Adeola, the consultative examiner, which stated that Plaintiff was not capable of maintaining gainful employment. (Tr. 14). This too should be considered upon remand.

## II. Other grounds raised by Plaintiff.

In light of the above, the ALJ may also have to address other issued raise by Plaintiff upon remand if the consideration of the above evidence necessitates such other remaining grounds.

### Conclusion

Having conducted a *de novo* review in this matter and based on the above, this matter is **reversed** pursuant to sentence four of 42 U.S.C. § 405(g) and **remanded** on the points above to the ALJ for further consideration as outlined herein.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 22, 2010
Charleston, South Carolina

6